FILED
November 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003089749

3
Michael F. Burkart, Chapter 7 Trustee
5150 Fair Oaks Blvd., #101-185
Carmichael, CA 95608
Tel: (916) 485-0412
E-mail: burkart@cwo.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID L. CHILDS** and<br>**DANA L. CHILDS,**<br><br>Debtors. | Case No. 10-40321-A-7<br><br>DCN: MFB - 1<br>DATE: December 13, 2010<br>TIME: 9:00 A.M.<br>DEPT: A<br>COURTROOM: 28 (7th Floor) |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE**
**(11 U.S.C. §363)**

TO: THE HONORABLE MICHAEL S. McMANUS, JUDGE
U. S. BANKRUPTCY COURT

The undersigned, Michael F. Burkart, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy Estate of David L. Childs and Dana L. Childs (the "Debtors'), hereby requests that this Court approve the sale of the Bankruptcy Estate's interest in a 1.28 acre partially improved residential lot, located in an unincorporated area of Storey County and more commonly known as 1725 Empire Road, Reno, State of Nevada, (the "Subject Property"), to the Debtors for a total of $16,650.12. In support of this Motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on July 30, 2010, and an Order for Relief was entered thereon.

2. Michael F. Burkart was appointed as the Interim Chapter 7 Trustee on or about August 2, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. sections 1334 and 11 U. S.C. section 522. This Motion is a core proceeding under 28 U.S.C. section 157(b)(2)(B) and (O).

4. The Debtors' Schedule "A" filed on July 30, 2010, disclosed real property described as "Real Estate located at 1725 Empire Road, Reno, NV", having a disclosed market value of $13,000.00. Additional investigation by the Trustee revealed that the Subject Property (APN: 003-132-21), located approximately six miles, or 15 minute drive, north of Virginia City, Nevada, consists of a 1.28 acre residential lot improved with a water well and septic system already installed.

5. The Debtors' Schedule "D" filed on July 30, 2010, disclosed no indebtedness nor obligations secured by the Subject Property.

6. The Debtors' Amended Schedule "C", filed on October 15, 2010, claimed a monetary exemption pertaining to the Subject Property illustrated as follows:

| Description of Asset | Market Value of Asset | Authority For Exemption | Exemption Claimed |
|---|---|---|---|
| 1725 Empire Rd., Reno, CA | $13,000.00 | §703.140(b)(5) | $2,650.12 |

7. The Debtors, through their attorney, Guillermo Geisse, have presented an all-cash offer in the amount of $14,000.00 to purchase the aforementioned Subject Property in an "as-is" condition from the Bankruptcy Estate illustrated as follows:

$16,650.12  Debtors' Offer to Purchase the Subject Real Property
Less: 2,650.12  Credit for Debtors' claimed monetary exemption
$14,000.00  Net amount to be paid in 12 equal monthly installment of $1,200.00

8. Pertaining to the Debtors' offer to purchase the Subject property on a 12-month installment payment plan, the Debtors have agreed to remit equal monthly payments of $1,200.00 on the first day of each and every month following the entry of the Court Order approving such sale. In the event that the Debtors are more than ten-days late on a monthly installment payment, the Trustee may, at his option, provide written notice to the Debtors thereby rescinding the installment sale and immediately taking control of the Subject Property included under the proposed sale with no refund to the Debtors for the payments having been previously remitted. In other words, the Debtors will forfeit any installments payments made to date in the event of a default.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Property as shown above is in the best interest of the Bankruptcy Estate. This proposed sale would alleviate the typical realtor's sales commissions, costs and expenses attendant to a typical real estate sale. Therefore, the Trustee requests the approval from this Court to sell the aforementioned real property

to the Debtors by accepting twelve equal consecutive monthly installment payments of $1,200.00, as set forth above, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicit overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $500.00 from qualified bidders who must contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within 24 hours after the Court hearing is concluded.

11. In the event that the Subject Property is sold to a third party pursuant to an overbid tendered at the Court hearing, the undersigned Trustee requests authority to pay the sum of $2,650.12 directly to the Debtors from the sale proceeds representing their claimed exemption pertaining to the Subject Property.

WHEREFORE, the undersigned Trustee respectfully requests that this Court approve the sale of the aforementioned real property to the Debtors in the manner stated herein; For authority to execute all documents necessary to complete the contemplated sale; and, For such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 21, 2010     /s/ Michael F. Burkart
Michael F. Burkart, Chapter 7 Trustee